# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05 CR 256-11

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| BOYD CHARLES SMITH, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

THIS CAUSE coming on to be heard before the undersigned, upon a motion filed by the defendant entitled, "Motion for Pre-Sentence Release" (#327). The undersigned having heard the evidence presented by the defendant and by the Government, makes the following findings and enters the following order:

**Findings**. On November 8, 2005 the undersigned entered an order detaining the defendant. This order was filed on November 14, 2005 and is incorporated herein by reference. Thereafter, the undersigned considered an oral motion made by the defendant requesting that the court reconsider the issue of detention. The undersigned heard evidence from the defendant through the defendant's sister, Sandy Long, and employer Philip Ruff. On December 29, 2005 the undersigned entered an order denying the defendant's motion and ordered that the defendant continue to be detained. On November 7, 2006 the defendant, through his counsel, filed a motion that the court reconsider the issue of detention of the defendant. In the motion, the defendant argued that his father had been diagnosed with terminal cancer and was unable to travel to visit with the defendant. The defendant requested

that the court release the defendant on terms and conditions of pretrial release pending imposition of sentence.

An examination of the court file reflected that on November 7, 2006, Lacy H. Thornburg, United States District Court Judge, sentenced the defendant to a term of imprisonment of 78 months. At the present time, the defendant has not been transported to a federal penitentiary for service of his sentence. He continues to be detained in a local detention facility. Upon inquiry, neither the defendant's counsel nor the United States Marshal Service could advise the court as to when the defendant would be finally transported for service of the remainder of his sentence.

Evidence was presented in the form of testimony from the defendant's mother, Hazel Smith. Mrs. Smith testified that the defendant's father, her husband, had developed pancreatic cancer and that he had been given only months to live. Mrs. Smith requested that the court consider releasing the defendant into her custody so that he could not only visit with his father but so that he could also assist with maintaining the home where the defendant's mother and father live. That home is heated through wood heat and the defendant could perform a service by cutting and splitting wood for the home. The defendant further presented testimony through his sister, Sandy Long. Ms. Long testified that she would agree to act as a custodian for the defendant and to supervise the defendant in accordance with all conditions of release. Both Mrs. Smith and Ms. Long testified that they would be willing to sign any type of secured bond securing the release of the defendant. Both Mrs. Smith and Ms. Long would be fit and suitable persons to be a custodian of the defendant upon terms and

conditions of pretrial release. The defendant further presented as evidence letters from Dr. Keith Ayrons concerning his treatment of the defendant's father, Charles Smith. Those documents show that the defendant's father his pancreatic cancer and that his prognosis is terminal and that he is likely to become deceased within the next several months. The defendant's father is currently being serviced by Hospice.

The Government introduced into evidence the United States Pretrial Services Report. The defendant's criminal history is located in the report. The defendant's criminal history is further documented in the Order of Detention filed on November 14, 2005 which is incorporated herein by reference. Paraphrasing the criminal record shows that the defendant has been convicted of six felonies, all involving the use of controlled substances and which include the defendant's plea of guilty in this matter. The defendant has been convicted of three misdemeanors involving the use of controlled substances. The defendant has further been convicted three times of driving while impaired and eight times of driving while licensed revoked. The total number of the defendant's convictions for misdemeanors shows that the defendant has been convicted since 1987 of 28 misdemeanors. The defendant has further failed to appear on multiple occasions regarding other misdemeanor violations which were subsequently dismissed.

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

"The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless-----

3

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."

The defendant has entered a plea of guilty to a crime which is described in subparagraph (C) of subsection (f)(1) of section 3142. There has not been any evidence showing there is a substantial likelihood that a motion for acquittal or new trial of the defendant will be granted and the attorney for the Government has not recommended that no sentence of imprisonment be imposed upon the defendant. Indeed, Judge Thornburg has imposed a sentence of 78 months. Further, the court cannot find by clear and convincing evidence that the defendant is a person who is not likely to flee or pose a danger to any other person or the community. Applying 18 U.S.C. § 3143(a)(2), this court must detain the defendant.

The court has further, out of an abundance of caution, considered the factors under 18 U.S.C. § 3142(g) and incorporates the findings as set forth in the Order of Detention of November 14, 2005. A further examination of the criminal record of the defendant shows that on July 8, 2003 the defendant was charged with felony possession with intent to manufacture, sell and deliver a schedule II controlled substance and other related multiple misdemeanors. The defendant was evidently released on terms and conditions of bond. On October 21, 2003, while he was released on bond, the defendant was charged with felony possession of a schedule II controlled substance, assault on a Government officer, resisting

arrest and other related multiple misdemeanors. On March 3, 2004, the defendant was sentenced on all of these charges to eleven months confinement. The defendant was evidently released in February 2005. On March 13, 2005, the defendant was charged with driving while license revoked and felony possession of methamphetamine. These additional charges lead this court to believe that the release of the defendant would create a danger to any other person or the community. Multiple counts of driving while impaired, driving while license revoked and felony convictions of the defendant all relating either to alcohol or drugs lead this court to the conclusion that should this court release the defendant that it would create a danger to any other person or the community.

The court is mindful of the physical condition of the defendant's father. The defendant has presented excellent custodian witnesses. There is nothing that this court would like better than to release the defendant so that the defendant could visit with and be with his father prior to his father's death. However, whether applying 18 U.S.C. § 3143 or 18 U.S.C. § 3142, this court cannot in good conscience grant the defendant's motion for release. The overriding concern of this court must be the protection of persons in the community and as a result, the undersigned has reluctantly determined to enter an order denying the defendant's motion and continuing to order that the defendant be detained. Defendant's counsel has done an excellent job of presenting evidence in this matter and he is directed to file a notice of appeal to this order so that this matter may be considered further by the District Court.

# ORDER

**WHEREFORE**, the defendant's "Motion for Pre-Sentence Release" (#327) is hereby **DENIED**.

Signed: November 27, 2006

Dennis L. Howell
United States Magistrate Judge